CASE 42—H. L. ASHER WAS CONVICTED OF THE OFFENSE OF STANDING A STUD WITHOUT A LICENSE.—MAY 9.

# Asher v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    AFFIRMED.

ANIMALS—STANDING STALLION WITHOUT LICENSE—INDICTMENT.

Held:   1. Under Kentucky Statutes, section 4201, providing for the punishment of any person "who shall engage in any business" for which a license is required before procuring a license and paying the required tax thereon, an indictment for standing a stud horse without license need not allege that defendant was "engaged in the business" of standing a stud horse, a single offense being sufficient to incur the penalty prescribed; nor is it necessary to state the amount of property or money received for the service, though section 4224 provides that the license tax shall equal the greatest sum charged for the service of the animal.

2. There was a violation of the statute though the only compensation defendant was to receive for the service of the animal was

Asher v. Commonwealth.

the privilege of buying the colt, if one, at a certain price; that option being a valuable one, and enforceable. But, even though not enforceable, a contract for compensation violates the statute.

GEORGE DENNY, ATTORNEY FOR APPELLANT.

The indictment alleges that the defendant did unlawfully stand for service to mares a certain stud horse called Alfred G., and did charge money and property and other things of value for said service without a license authorizing him so to do.

We claim that the indictment is not good and the demurrer thereto should have been sustained. It is not alleged that he was engaged in the business of standing a stallion.

The evidence showed that he let his horse serve a mare upon an agreement with the owner of the mare, that he, defendant, could buy the colt if the mare had one at the price of seventy-five dollars if he desired to do so, but in no event would he charge anything for breeding the mare.

We submit that, under this agreement the defendant is not liable, and that the contract made was not an enforceable one.

CLIFON J. PRATT, ATTORNEY GENERAL, AND W. A. KIMBALL, FOR APPELLEE.

The defendant relies for reversal upon the ground that he did not charge nor collect any fee for the service of his stallion, the contract being that he was to have the privilege of buying the colt when foaled, at seventy-five dollars.

We contend that this was a valuable consideration for the services of the stallion which was a high bred animal.

We submit that the indictment in this case is sufficient to constitute an offense against the statute, that the instructions of the court fairly presented the law, and it nowhere appears that the substantial rights of the appellant have been prejudiced by any error appearing in the record and the judgment of the lower court should be affirmed.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—AFFIRMING.

The appellant was indicted, tried, and convicted in the Fayette circuit court of the offense of standing a stud horse without license. The specifications are as follows: "That said H. L. Asher, on the 18th of June, 1901, in the county aforesaid, did unlawfully stand for service to mares a certain stud horse called 'Alfred G,' and did charge money,

property, and other things for the service, without a license authorizing him so to do," etc.    The appellant's grounds for a new trial having been overruled, he prosecutes this appeal.    The grounds relied upon are, in substance: (1) Because the court refused to give peremptory instruction; (2) because the court misinstructed and refused to properly instruct the jury; (3) because the verdict is against the law and evidence.    The defendant also demurred to the indictment, which demurrer was overruled.

It is the contention of appellant that the indictment was insufficient, for the reason that it does not specify the amount of money or property received by him, and because it does not state that he was engaged in the business of standing a stud, etc.    We do not think these contentions tenable.    It was not necessary to state the amount of money or property received, nor was it necessary that it should be specifically alleged that he was engaged in the business of standing a stud.    The charge that he did stand a stud, and charge therefor, sufficiently shows that he was engaged in the business to some extent, and we deem it immaterial as to how often he violated the statute, as, if only once, it is sufficient to authorize a verdict and judgment.

It is also insisted that the court should have given the peremptory instruction asked for the reason that there was no evidence tending to establish the guilt of appellant. Only one witness was introduced by the Commonwealth and none by the defendant.    It was proven by the witness, Fred Rosa, that appellant owned a trotting stallion by the name of "Alfred G.;" that witness owned a mare, and that he bred his mare to the horse, and had an agreement with the appellant that, if the said mare had a colt, and the said Asher desired, he could buy it for the sum of $75, but that in no event, whether he took the colt or not, would Asher

charge him anything for breeding his said mare to his stud. 'It is the contention of appellant that this evidence did not conduce to show that appellant had violated section 4201, art. 10, c. 108, of the Kentucky Statutes, which reads as follows: "Any person who shall engage in any business, or sell or offer to sell any article on which a license is required before procuring the license and paying tax thereon as required by law, shall be deemed guilty of a misdemeanor, and on conviction be fined not less than $50.00 nor more than $1,000.00 for each offense, unless otherwise specially provided." It will be found in section 4224 that a license is required to be paid by a person who shall stand a stud horse, jack, or bull, and that the license shall equal the greatest sum charged for the service of the animal, whether the same be for the season or insurance. So it is clear, if the averments in the indictment are true, that the appellant was guilty.

It is further argued for the appellant that what he was to receive was of no value, or at least not an enforceable contract. We, however, are of opinion that he was entitled to enforce the contract at his option, and that the privilege was of some value. This being true, the evidence tended to establish the guilt of the defendant. Nor do we think it material whether the contract made was enforceable as a matter of law or not, for a contract for compensation for the service of the stud would constitute a violation of the statute whether, as a matter of fact, the defendant derived any profit or benefit from the promise of reward or payment or not.

Complaint is also made of the instruction given by the court, but, after careful examination thereof, we are of opinion that they were quite as favorable to the defendant as he was entitled to.

Judgment affirmed; whole court sitting.